FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria División

2015 SEP 21  P 1: 05

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>

DORA L. ADKINS,
P.O. Box 3825
Merrifield, VA 22116

        Plaintiff,

       V.        <u>CIVIL ACTION NO.: 1:15cv879-JCC/MSN</u>

INDIVIDUALS FROM GEORGE MASON UNIVERSITY POLICE
DEPARTMENT: SERGEANT EMILY ROSS; POLICE OFFICER J.U.
AGUILAR; POLICE OFFICIER K. JOCHEM,
4400 University Drive, MSN 3D3
Fairfax, VA 22030-4444

        Defendants.

>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>

### <u>AMENDED COMPLAINT:</u>

COMES NOW, Plaintiff, Dora L. Adkins, *pro se,* and provides an

"Amended Complaint," against the Defendants, Sergeant Emily Ross;

Police Officer J.U. Aguilar and Police Officer K. Jochem from the George

Mason University Police Department for a violation of Plaintiff's Fourth

Amendment of the United States Constitution and for a Cause of Action of

Intentional Inflection of Emotional Distress; and Punitive Damages, as a

Prima Facie Case for a cause of action, states as follows:

PLAINTIFF'S CLAIM:

The Plaintiff is bringing a "Failure to Intervene" Claim of police misconduct because Police Officer J.U. Aguilar and Police Officer K. Jochem, two of the three police officers named in the lawsuit stood by while Sergeant Emily Ross interrogated the Plaintiff for approximately 30-minutes as the warrantless search took place by Police Officer K. Jochem and Sergeant Emily Ross. Sergeant Emily Ross convinced the Plaintiff she was in a video wearing a pink hat while stealing property from George Mason University. The police officers exceeded reasonable bounds, infringed the Plaintiff's constitutional rights, and produced some injury or damages to the Plaintiff when she was falsely accused of stealing property from George Mason University by Sergeant Emily Ross.

"Civil Law – Bivens and 1983 Claims for Fourth Amendment Violations"

"Individuals may sue federal officials under *Bivens* and state officials under 42 U.S.C. § 1983. Both *Bivens* and § 1983 allow a plaintiff to seek money damages from government officials who have violated his Fourth Amendment rights. See § 1983; *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388, 397 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (the U.S. Marshals

Service respondents), But government officials performing discretionary functions generally are granted a qualified immunity and are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). *Wilson v. Layne* 526 U.S. 603, 609, 119 S.Ct. 1692, 1696 (U.S. Md., 1999)."

Retrieved on August 14, 2015 from

http://www.robertslaw.org/4thamend.htm

INTRODUCTION TO PRIMA FACIE CASE:

1. QUESTIONS: Was the Plaintiff's rights under Fourth Amendment of the United States Constitution violated when her vehicle (2004 Mercedes-Benz) parked in the lot of Finley Circle Parking lot of George Mason University searched without a warrant and/or without probably cause by three police officers from the Police Department for George Mason University? Was the Plaintiff's Fourth Amendment of the United States Constitution to "privacy of home" violated when the same vehicle (2004 Mercedes-Benz) used as Plaintiff's "home" was searched without a warrant and/or without probably cause by

3

three officers from the Police Department for George Mason University? Did the illegal searches of individual's person and vehicle / home evoke Intentional Emotional Distress in the Plaintiff?

2. Between the early hours between 3:47 a.m., - 4:30 a.m., on June 23, 2015, the Plaintiff was given two Parking Citations by a different police officer according to the badge #0172 on the Citations from the Police Department for George Mason University; one for $35.00 and another for $375.00; a Trespass Warning / Notice; and a Search of her Individual's Person and Vehicle / Home. (Please *See*, Exhibit #1: Copy of Two Citations to Prove the Time Frame of the Illegal Search).

<u>PRIMA FACIE CASE:</u>

<u>FACTS OF THE COMPLAINT</u>:

3. On June 23, 2015, three police officers for George Mason University came to a classroom located at George Mason University; whereby, the Plaintiff was resting and/or sleeping on top of a table in the classroom. The Plaintiff was asked what she was doing in the classroom in the early morning. The Plaintiff responded that she was resting and/or sleeping there because she is "homeless" and had recently had some very close calls of harm brought upon her. The Plaintiff was then asked if she had

4

any ID on her. The Plaintiff indicated that she did not have the ID on her, but inside of her parked vehicle.

4. The Plaintiff was asked if she had any weapons on her and she stated, "No" but that she had a knife used for eating fruit since wearing braces on her teeth.

5. Sergeant Emily Ross, badge #18, appeared through a door at the far and opposite end of the hallway; whereby, the classroom was located and after Police Officer K. Jochem, badge #32, and Police Officer J.U. Aguilar, badge #50 had already begun the questioning of the Plaintiff.

6. The Plaintiff was told by Police Officer Jochem to gather all of her belongings (which included toothbrushes and toothpastes and etc., in a transparent plastic bag; a pillow and a bath towel used to cover the top of the table; and a large cup of water from Star Bucks) from the classroom to head out to the Plaintiff's parked vehicle. The Plaintiff saw the bright yellow envelopes holding two different citations on her windshield as she walked halfway down the sidewalk with the (3) officers to her parked vehicle. Once at the Plaintiff's vehicle, the Plaintiff reached to remove the two envelopes holding two different citations from the windshield of her vehicle, but was told by Police Officer Jochem, not to

do so. (Please *See*, Exhibit #2: Photo of Plaintiff's Toothbrushes and Toothpastes, etc., in a Plastic Bag; a Pillow and a Bath Towel).

7. The Plaintiff unlocked her vehicle and went to locate her Driver's License and when the Driver's License wasn't where it is normally kept inside of Plaintiff's vehicle, the Plaintiff realized the Driver's License was inside her back pocket of her shorts she was wearing; she then indicated to the three officers she had gone to the Bank earlier on June 22, 2015 and placed the Driver's license into her back pocket.

8. The Plaintiff again described incidents to the three police officers that while living inside of her vehicle she had recently suffered some very close calls to harm. The Plaintiff told of a black male who had come very close to her vehicle but that she sped away from the two different areas both times it had occurred. Sergeant Ross asked the Plaintiff if the Plaintiff could identify the individual and the Plaintiff answered, "No." Sergeant Ross asked the Plaintiff if she had ever been to Wal-Mart because the Wal-Mart stores offer parking in their parking lots to individuals wanting to stay inside their vehicle. The Plaintiff answered, "No."

9. Sergeant Ross then asked the Plaintiff if her vehicle could be searched for stolen property taken and/or missing property from George Mason

University. The Plaintiff stated "Yes" after she was informed by Sergeant

Ross that she was "in the video" made with stolen property from George

Mason University.

10.     Before the search began of the Plaintiff's vehicle, Police Officer

Jochem asked the Plaintiff if she had any stolen property or weapons in

her vehicle. The Plaintiff answered "No." Sergeant Ross asked the

Plaintiff if she had been to Roanoke. The Plaintiff answered "No" and

Sergeant Ross indicated she had dealt with someone in Roanoke with a

"similar name." Sergeant Ross also asked the Plaintiff if she had a "pink

hat" and the Plaintiff asked Sergeant Ross did she ask, if she had a

"pink cat." [Laugh] The Plaintiff answered that she didn't believe so to

the question from Sergeant Ross regarding the Plaintiff having a "pink

hat."

11.     Before the search began of the Plaintiff's vehicle, Sergeant Ross

instructed Police Officer Aguilar to start completing the paperwork. The

"paperwork" unknown to the Plaintiff before its competition was a

Trespass Warning / Notice. Police Officer Aguilar began to ask the

Plaintiff the same identical questions regarding a telephone, mobile

devices and etc., until the Plaintiff repeated that she had just answered

the questions regarding being without any sort of telephone and/or

7

electronic devices. Police Officer Aguilar after asking for Plaintiff's driver's license also asked the Plaintiff if the 200 North Pickett Street, #304, Alexandria, VA 22304 address was her present address and the Plaintiff answered, "No" that she is "Homeless" as she had already provided that exact information to the three police officers in the classroom. (Please *See*, Exhibit #3: Completed Trespass Warning / Notice Issued to the Plaintiff). Somewhat distracted by the two questions being asked by Police Officer Aguilar to complete the Trespass Warning / Notice, the Plaintiff attempted to stay alert to the physical search of her vehicle conducted by Sergeant Ross and Police Officer Jochem.

12.    As the search began with Police Officer Jochem in the Plaintiff's trunk of the vehicle using his hands and a flash light and Sergeant Ross in the back right side of the vehicle and then the driver's side using her hands and a flash light, Sergeant Ross asked the Plaintiff if she had a cell telephone, mobile telephone, notepad or any electronic devices that she could be contacted by, and the Plaintiff answered "No." After Police Officer Jochem completed the search in the trunk of the vehicle he began to search the back left side of the Plaintiff's vehicle; and then the passenger's side of the vehicle, which the Plaintiff had to unlock the door with her key to the vehicle for Police Officer Jochem. As Police

Officer Jochem, looked into the glove compartment of the Plaintiff's vehicle, he called out that there were ink pens from Ritz-Carlton. (Please *See*, Exhibit #4: Photos of the Inside of Plaintiff's Vehicle).

13. Police Officer Jochem asked for the Plaintiff's carrying bag used to go to and from the library and he was referred by the Plaintiff to the black Office Depot tote bag located in the front passenger side of the floor of her vehicle. Police Officer Jochem searched the Plaintiff's black Office Depot tote bag. (Please *See*, Exhibit #5: Photos of the Plaintiff's Black Office Depot Tote Bag).

14. Sergeant Ross asked the Plaintiff if she needed help finding shelter. The Plaintiff stated, "No" and that she would never live in a shelter. Sergeant Ross asked the Plaintiff if she had relatives she could stay with and the Plaintiff answered "No." Sergeant Ross asked the Plaintiff if she had ever been arrested, but before the Plaintiff could answer Sergeant Ross' question regarding being arrested, another statement to the Plaintiff was made by Sergeant Ross. Sergeant Ross informed the Plaintiff that now was the time the Plaintiff could ask her for assistance with any available resources as it related to a place to stay.

15. The Plaintiff shared with the three police officers that she was using the Fenwick Library to complete some on-line courses required for her

9

Virginia Teacher Re-certification and to complete Court documents. The Plaintiff also shared that she didn't know how she did it but she completed all of the 183 hours of coursework required for her Virginia Teacher Re-certification and had just received the Virginia Teacher Re-certification. Sergeant Ross asked the Plaintiff if she was employed, and the Plaintiff answered, "No." Sergeant Ross then asked the Plaintiff what was the name of the university the Plaintiff was taking on-line courses through and the Plaintiff answered, Harvard University.

16.    Sergeant Ross asked the Plaintiff about the reason for all the papers located inside the Plaintiff's vehicle and the Plaintiff responded that the papers were court documents. Sergeant Ross then asked the Plaintiff whether the court documents and/or papers were cases against the Plaintiff and the Plaintiff replied to Sergeant Ross, that she is the Plaintiff.

17.    Sergeant Ross recommended to the Plaintiff that she could use the Public Libraries to complete her coursework and court documents. The Plaintiff shared that she would never again use another Public Library because someone stole her Public Library Card and checked out $200-$300 worth of Children Videos that she was charged for on her Public Library Card for failure to return the Children Videos back to the library.

The Plaintiff indicated she didn't know how the Public Library Card was accessed since the Public Library Card was never lost. Sergeant Ross indicated to the Plaintiff that the Public Library Card was probably skimmed. The Plaintiff indicated how dangerous it is to use a Public Library and the Plaintiff was informed by Sergeant Ross that students at George Mason University have their property stolen all the time at George Mason University. The Plaintiff stated that she never carry or leave any property of valve while in any Library setting.

18.    Before the conclusion of the search of the Plaintiff's vehicle, Sergeant Ross signed the Trespass Warning / Notice and provided a copy to the Plaintiff and explained in specific details that the Plaintiff was prohibited from all George Mason University's campuses, facilities and grounds for 1-year and if the Plaintiff returned she will be arrested. The Plaintiff stated that she really needed to complete three other on-line courses that she was enrolled in and that she was still in court needing to complete time-sensitive documents, as required. The Plaintiff replied it was a good thing the Minority Pre-Law Conference at George Mason University Arlington Law School Campus was held on June 20, 2015 because she would not be allowed to attend the conference.

19.    At the conclusion of the illegal search of Plaintiff's individual person

and vehicle, Sergeant Ross thanked the Plaintiff for her cooperation and

when the three officers were about to leave, the Plaintiff asked for the

other two Police Officer's name and first letter of their first name and

badge number because the Plaintiff stated, "you just searched all of my

personal belongings" in a very nervous and very upsetting manner.

Sergeant Ross had already provided her business card to the Plaintiff,

but not her badge number, so Sergeant Ross added her badge number

on the front of the business card. Police Officer Aguilar added his last

name and initials and badge number to the back of the business card as

well as the same information for Police Officer Jochem. (Please *See*,

Exhibit #6: Names of the Three Police Officers: Sergeant Ross, Police

Officer Jochem, and Police Officer Aguilar for Police Department of

George Mason University).

20.    After approximately (8) telephone calls to the Chief of Police office for

the Police Department for George Mason University on June 23, 2015

and June 24, 2015, the Plaintiff made the following pre-scripted verbal

report by telephone on June 24, 2015 at approximately 2:15 p.m., to Eric

M. Heath, Chief of Police: "I need to report to you that allegedly on June

23, 2015, three (3) of your police officers conducted an illegal search of

my individual's person and my vehicle (which is my home) without a warrant. The consent I provided was based upon false trickery accusations of theft of George Mason University's property which included having me in a video taking the stolen property while wearing a "pink hat."

<u>Note</u>: The facts may not be completely sequential; but the facts are truthful and honest as to exactly what happened.

<u>**Affidavit:**</u>

The Plaintiff, Dora L. Adkins swear under penalty of perjury that the above facts presented in the lawsuit in Numbers 1-20 are true and accurate to the best of her knowledge.

County/City of Alexandria
Commonwealth/State of VA
The foregoing instrument was acknowledged before me this 18 day of September, 20 15
by Dora L. Adkins
(name of person seeking acknowledgement)

Notary Public
My Commission Expires: 01/31/16

NOTARY PUBLIC
REG. #7523845
MY COMMISSION EXPIRES
01/31/16
MIGUEL A. PARADA
COMMONWEALTH OF VIRGINIA

Dora L. Adkins

Signature

Date

Sept. 18, 2015

## ELEMENTS FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS:

21.    "Defendants acted intentionally or recklessly; and"

The Defendants, Sergeant Emily Ross; Police Officer J.U. Aguilar and

Police Officer K. Jochem from the George Mason University Police

Department allegedly acted intentionally or recklessly when it knowingly

and falsely informed the Plaintiff that she was in a video wearing a "pink

hat" with stolen property from George Mason University. The Defendants,

Sergeant Emily Ross; Police Officer J.U. Aguilar and Police Officer K.

Jochem from the George Mason University Police Department, allegedly

acted intentionally or recklessly when after obtaining the Plaintiff's Virginia

Driver's License Photo ID in the Finley Parking Circle Lot for George

Mason University continued with the *false* accusations that the Plaintiff was

involved with stolen property from George Mason University. The Plaintiff's

Virginia Driver's License Photo ID proved that she was not the alleged

individual in the video wearing a "pink hat." (Please *See*, Exhibit #10: Copy

of Plaintiff's Driver's License).

22.    "Defendant's conduct was extreme and outrageous; and"
        The Defendants, Sergeant Emily Ross; Police Officer J.U.

        Aguilar and Police Officer K. Jochem from the George Mason

University Police Department, conduct was extreme and outrageous so

much so that the conduct produced actions that went out of its way to knowingly commit harm of extreme pain and suffering against the Plaintiff after clearly knowing the Plaintiff's was "homeless" and living in and out of her vehicle. The Defendants, Sergeant Emily Ross; Police Officer J.U. Aguilar and Police Officer K. Jochem from the George Mason University Police Department did not have a search warrant or probable cause to search the Plaintiff's vehicle or individual's person and allegedly expose the Plaintiff for theft of her property from her vehicle. In the evening of June 23, 2015, a couple (female and male) got really close to the Plaintiff's vehicle, for no other reason accept for the alleged theft through skimming. The Plaintiff was parked in an empty parking lot with a lot-of-space other than directly right behind her vehicle which the couple chose to stand and/or play around for approximately 15-20 minutes.

23.   "Defendant's act is the cause of the Plaintiff's distress; and"
      The Defendants, Sergeant Emily Ross; Police Officer J.U. Aguilar
and Police Officer K. Jochem from the George Mason University Police Department, allegedly caused the Plaintiff indescribable distress to the point the Plaintiff went into a "State of Shock" and "Paralyzed State of Mind" while she was required to answer all of the police officer's questions while the physical search invaded all of Plaintiff's personal belongings which violated the Plaintiff's privacy because she use the vehicle to live in

15

and out of and which contains everything the Plaintiff owns. The Plaintiff's "State of Shock" can easily be proven because the Plaintiff was unable to feel the indescribable pain she was feeling and asked not a single question except the clarification regarding a "pink hat" to the three police officers but answered all questions asked and "laughed" out loud several times to prevent crying. At the conclusion of the search of Plaintiff's vehicle, the Plaintiff immediately realized that the search was illegal because she only consented to the search *because-of* a false story of a video with the Plaintiff wearing a "pink hat" and the fact the Plaintiff is in court fighting for dear life. The Plaintiff was fearful not to provide full cooperation.

24.    "Plaintiff suffers severe emotional distress as a result of the Defendant's conduct."

The Defendants, Sergeant Emily Ross; Police Officer J.U. Aguilar and Police Officer K. Jochem from the George Mason University Police Department, allegedly caused the Plaintiff to suffer severe emotional distress, which almost keeps her in a state of denial, and/or could it really be true and/or non-accepting of the truth for survival. The following additional actions caused the Plaintiff severe emotional distress when she was told not to remove the two citations from the windshield of her vehicle; her coat was placed on the top of the vehicle; bags of personal clothing

was placed on the roof of the vehicle from the trunk of the vehicle; and when Sergeant Ross indicated to "start the paperwork" the Plaintiff believed she was going to be arrested; handcuffed and/or taken to jail. The Plaintiff has very little understanding for evil actions against other humans such as the ones created and acted upon by the Defendants. Approximately 12-hours earlier on June 22, 2015, in an unrelated incident, the Plaintiff had had a very close call with someone allegedly attempting to bring harm to her; as well as 3-4 other recent attempts while living in and out of her vehicle.

25.     "There must be severe emotional distress, for example, several debilitating conditions, including depression, nervousness, and an inability to sleep, which ultimately caused a complete disintegration of virtually every aspect of one's life requiring treatment." The Plaintiff severe emotional distress caused debilitating conditions, including severe depression that was reported to Eric M. Heath, Chief of Police on June 24, 2015 and to John Bridgman, Director for Mason Parking Services in an email sent to Mr. Bridgman on June 23, 2015. While the Chief of Police said he was "sorry" to the Plaintiff while the Plaintiff was in tears on the telephone with Chief of Police, Heath on June 24, 2015, the apology will not undo the severe emotional distress suffered and continues to be

suffered by the Plaintiff. Chief of Police, Heath requested to the Plaintiff to file a citizen's complaint with Police Lieutenant Bruce Jackson who works for the Police Department for George Mason University as a Command Staff member. (Please *See*, Exhibit #7: Email Sent to John Bridgman, Director for Mason Parking Services).

26.     The Plaintiff's severe emotional distress caused her extreme depression, nervousness, and pain of helplessness that can be proven through an email sent to John Bridgman, Director for Mason Parking Services on June 23, 2015. The Defendants, Sergeant Emily Ross; Police Officer J.U. Aguilar and Police Officer K. Jochem from the George Mason University Police Department, allegedly caused the Plaintiff insomnia and/or nightmares; being startled easily; racing heartbeat; aches and pains; fatigue; difficulty concentrating; edginess and agitation and muscle tension. The Plaintiff's personal belongings and identity were allegedly exposed to at least three cars (unknown number of individuals within the cars) that passed by the Finley Parking Circle Lot as the illegal search took place by the (3) police officers. Being forced to stand by the vehicle while the illegal search took place also exposed the Plaintiff's identity to her vehicle and the overall process ignited severe emotional distress.

## CAUSE OF ACTION FOR PUNITIVE DAMAGES:

27.     The Defendants, Police Officer J.U. Aguilar and Police Officer K. Jochem from the George Mason University Police Department, allegedly acted with intent to bring about Emotional Distress; it was wanton and willful or reckless when it allegedly intentionally and maliciously searched the Plaintiff and her vehicle / home without a warrant; allegedly acted intentionally and maliciously when it went through all of the Plaintiff's personal belonging including a green coat she was wearing and turned all the pockets of the coat inside out; allegedly acted intentionally and maliciously when the defendant's actions caused the Plaintiff to become severely emotionally injured to have her identity and her personal property within the vehicle exposed; **and** allegedly acted intentionally and maliciously when the Plaintiff was provided a false description of her stealing and/or taking property from George Mason University**.** (Please *See*, Exhibit #8: Photo of Plaintiff's Green Coat with Pockets Turned Inside Out).

28.     The Defendants, Sergeant Emily Ross; Police Officer J.U. Aguilar and Police Officer K. Jochem from the George Mason University Police Department, allegedly acted intentionally and maliciously because the behavior was outrageous. The behavior was outrageous,

intentionally and maliciously because the Plaintiff has never stolen and/or taken any property from George Mason University. The Plaintiff will provide copies of the Defendant's own documentation of reports of thief and crimes on the George Mason University campus which the Plaintiff has no involvement with the over 50-cases of theft reported within the past 7-months to the Police Department for George Mason University. (Please *See*, Exhibit #9: Copies of On-Campus Reports Made to Police Department for George Mason University Since January 2015 through July 2015).

29.      The Defendants, Sergeant Emily Ross; Police Officer J.U. Aguilar and Police Officer K. Jochem from the George Mason University Police Department, allegedly willful acts were malicious, violent, oppressive, fraudulent, wanton, or reckless because it violated the Plaintiff's Fourth Amendment of the United States Constitution in two ways, both as it relates to the privacy of one's home since the Plaintiff's car is completely acting as her home and the search itself of the Plaintiff's property and individual's person. The Plaintiff's green coat pockets were turned inside out; and all of Plaintiff's personal belongings and personal property within the vehicle were touched without the use of plastic gloves; and even with the use of plastic gloves, it invades the

privacy of the Plaintiff's rights, including asking what the papers were for. The Plaintiff has Prima Facie solid evidence of willful acts of malicious, violent, oppressive, fraudulent, wanton, or reckless because it violated the Plaintiff's Fourth Amendment of the United States Constitution. (Please *See*, Exhibit #8: Photo of Plaintiff's Coat with Pockets Turned Inside Out).

30.     The Defendants, Sergeant Emily Ross; Police Officer J.U. Aguilar and Police Officer K. Jochem from the George Mason University Police Department, allegedly violated the Fourth Amendment of the United States Constitution against the Plaintiff, Dora L. Adkins when (3) officers from the Police Department for George Mason University searched the individual's person; the Plaintiff's coat outside of the classroom in the hallway and continued with a search of her vehicle after inquiring about weapons and stolen and/or taken property from George Mason University without a search warrant and without probably cause.

## **Affidavit:**

The Plaintiff, Dora L. Adkins swear under the penalty of perjury that the above facts presented in the in the two "Cause of Actions" in Numbers 21-30 are true and accurate to the best of her knowledge.

County/City of _Alexandria_
Commonwealth/State of _VA_

The foregoing instrument was acknowledged before me this ___ day of _September_, 20_15_
by _Dora L. Adkins_
(name of person seeking acknowledgement)

Notary Public
My Commission Expires: _01/31/16_

[Notary Seal: MIGUEL A. PARADA / NOTARY PUBLIC / REG. #7523845 / MY COMMISSION EXPIRES 01/31/16 / COMMONWEALTH OF VIRGINIA]

Dora L. Adkins

Signature

Date

_September 18, 2015_

## LEGAL ARGUMENT:

31.      Rule 1:4(d) requires a pleading to provide an opposing party fair notice of the true nature of the claims against it. The Plaintiff's Complaint provides such. The Plaintiff sufficiently with solid provable evidence presented a Prima Facie Case that supports a cause of action for the violation of the Plaintiff's rights as it relates to the Fourth Amendment of the United States Constitution; a tort of Intentional Infliction of Emotional Distress and Punitive Damages. The Plaintiff provided "Notice" to the Defendants, Sergeant Emily Ross; Police Officer J.U. Aguilar and Police Officer K. Jochem from the George Mason University Police Department, when she contacted Eric M. Heath, Chief of Police for the Police Department for George Mason University and cited a pre-scripted verbal report by telephone on June 24, 2015 at approximately 2:15 p.m., of the heinous facts. (Pre-scripted Verbal Report, No. 20, Page 12-13).

22

32.     WHEREFORE, this Plaintiff claims THREE-HUNDRED AND FIFTY THOUSAND DOLLARS, (the cap in the state of Virginia for Punitive Damages) and ONE-MILLION DOLLARS for Intentional Infliction of Emotional Distress ($1,350,000.00) and whatever else this Honorable Court deems appropriate.

Respectfully Yours,

Dora L. Adkins, *pro se*


ADDENDUM

1.  "In accord with the foregoings, Plaintiff claim damages against Defendant as follows:"

A.     INTENTIONAL INFLECTION OF EMOTIONAL DISTRESS:

$1,000,000.00

B.     PUNITIVE DAMAGES: $350,000.00

Damages - means the amount of damages for Intentional Infliction of Emotional Distress and Punitive Damages.

Note: The Plaintiff reserves the right to amend the Damages.

JURY DEMANDED

2. Trial by jury is demanded.
WHEREFORE, plaintiff demands judgment against the defendant, in the

amount of $1,350,000.00 for Intentional Infliction of Emotional Distress and

Punitive Damages and/or whatever else the Court deems appropriate.

Respectfully Yours,

Dora L. Adkins, *pro se*
Dora L. Adkins

P.O. Box 3825
Merrifield, Virginia 22116
DoraAdkins7@aol.com
No Telephone

CERTIFICATE OF SERVICE:

I certify that on September 18, 2015, I filed the "Amended Complaint"

and served the same copy by Sheriff on the Defendants, Sergeant Emily

Ross; Police Officer J.U. Aguilar and Police Officer K. Jochem from the

George Mason University Police Department; Address: 4400 University

Drive, MSN 3D3, Fairfax, VA 22030-4444

Respectfully Yours,

Dora L. Adkins, *pro se*

Additional Defendant's Address:

George Mason University Police Department

4400 University Drive, MSN 3D3

Fairfax, VA 22030-4444

<u>EXHIBITS:</u>

Please *See*, Exhibit #1: Copy of Two Citations to Prove the Time Frame of the Illegal Search

Please *See*, Exhibit #2: Photo of Plaintiff's Toothbrushes and Toothpastes, etc., in a Plastic Bag; a Pillow and a Bath Towel

Please *See*, Exhibit #3: Completed Trespass Warning / Notice Issued to the Plaintiff

Please *See*, Exhibit #4: Photos of the Plaintiff's Black Office Depot Tote Bag

Please *See*, Exhibit #5: Photos of the Inside of Plaintiff's Vehicle

Please *See*, Exhibit #6: Names of the Three Police Officers with Badge Numbers for the Police Department of George Mason University

Please *See*, Exhibit #7: Email Sent to John Bridgman, Director for Mason Parking Services

Please *See*, Exhibit #8: Photo of Plaintiff's Green Coat with Pockets Turned Inside Out

Please *See*, Exhibit #9: Copies of On-Campus Reports Made to Police Department for George Mason University Since January 2015 through July 2015

Please *See*, Exhibit #10: Copy of Plaintiff's Driver's License

<u>OTHER</u>:

**Fourth Amendment:**

The Fourth Amendment to the U.S. Constitution reads:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria División

Dora L. Adkins,
        Plaintiff,
            v.                    Civil Action No.: 1:15cv879-JCC/MSN

Sergeant Emily Ross; Police Officer J.U. Aguilar and Police Officer K. Jochem from the George
Mason University Police Department,
        Defendants.

**CERTIFICATION**

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of this document.

Dora L. Adkins, Pro Se

Name of Pro Se Party (Print or Type)

Executed on: September 18, 2015 (Date)

**OR**

Dora L. Adkins, Pro Se

(Name of Attorney)

No Telephone Number

(Telephone Number of Attorney)

Prepared, or assisted in preparation of, this document.

Dora L. Adkins, Pro Se

Name of Pro Se Party (Print or Type)

Signature of pro Se Party (Print or Type)

Executed on: September 18, 2015 (Date)