IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

DORA L. ADKINS,                    )
                                   )
     Plaintiff,                    )
                                   )
          v.                       )     1:15cv879 (JCC/MSN)
                                   )
THE RECTORS AND VISITORS OF        )
GEORGE MASON UNIVERSITY            )
                                   )
     Defendants.                   )

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant's Motion to Dismiss [Dkt. 11.], and Plaintiff's Motion for Leave to Add Defendants [Dkt. 14].  For the following reasons, the Court grants both motions.

**I. Background**

At the motion to dismiss stage, the Court must read the complaint as a whole, construe the complaint in a light most favorable to the plaintiff, and accept the facts alleged in the complaint as true.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Plaintiff Dora L. Adkins ("Plaintiff") filed this action against Defendant The Rectors and Visitors of George Mason University ("Defendant"), "for a violation of Plaintiff's [rights under the] Fourth Amendment of the United States Constitution and for a Claim of Intentional Infliction of

1

Emotional Distress."  (Am. Compl. [Dkt. 6] at 1.)  Plaintiff seeks $1,000,000 in compensatory damages for the Intentional Infliction of Emotional Distress ("IIED") claim, and $350,000 in punitive damages.  (Id. at 19-20.)

In the early morning hours of June 23, 2015, three George Mason University ("GMU") police officers found Plaintiff "resting and/or sleeping" on top of a table inside a GMU classroom.  (Am. Compl. ¶ 3.)  The officers asked Plaintiff for identification and escorted her to her car, which was parked outside with two parking citations.  (Id. at ¶¶ 4-7.)  After providing her Virginia driver's license, one police officer asked Plaintiff if they could search her vehicle "for stolen property taken and/or missing property from George Mason University.  The Plaintiff stated 'Yes' after she was informed by Sergeant Ross that she was 'in the video' made with stolen property from George Mason University."  (Id. at ¶ 9.)  After searching her vehicle, the police officers provided Plaintiff with a "Trespass Warning/Notice" and explained that Plaintiff was prohibited from entering all GMU campuses, facilities and grounds for a period of one year.  (Id. at ¶ 18.)

Plaintiff now claims that the search of her vehicle was illegal because she provided consent "based upon false trickery accusations of theft of George Mason University's property which included having me in a video taking the stolen

property while wearing a 'pink hat.'"  (Am. Compl. ¶ 20.)

Plaintiff also claims that these events have caused her severe

emotional distress.  (Id. at ¶¶ 21-26.)  Defendant moves to

dismiss the complaint in its entirety, arguing GMU is entitled

to sovereign immunity as an arm of the state.  (Def.'s Mot.

[Dkt. 10]; Def.'s Mem. in Supp. [Dkt. 11].)  Approximately one

week after Defendant's motion was filed, Plaintiff filed a

motion for leave to add the following additional Defendants:

Sergeant Emily Ross, Police Officer J.U. Aguilar, and Police

Officer K. Jochem.  (Pl.'s Mot. [Dkt. 14] at 1.)  The motions

are now before the Court.

## II. Legal Standard

Pursuant to Rule 12(b)(1), a claim may be dismissed

for lack of subject matter jurisdiction.  Fed. R. Civ. P.

12(b)(1).  Defendants may attack subject matter jurisdiction in

one of two ways.  As relevant here, defendants may contend that

the complaint fails to allege facts upon which subject matter

jurisdiction may be based.  See Adams v. Bain, 697 F.2d 1213,

1219 (4th Cir. 1982); King v. Riverside Reg'l Med. Ctr., 211 F.

Supp. 2d 779, 780 (E.D. Va. 2002).  In this instance, all facts

alleged in the complaint are presumed to be true.  Adams, 697

F.2d at 1219; Virginia v. United States, 926 F. Supp. 537, 540

(E.D. Va. 1995).  The burden of proving subject matter

jurisdiction falls on the plaintiff.  McNutt v. General Motors

3

Acceptance Corp., 298 U.S. 178, 189 (1936); Adams, 697 F.2d at 1219.  The assertion of immunity is properly addressed by the Court on a motion filed pursuant to Rule 12(b)(1).  Smith v. Wash. Metro. Area Transit Auth., 290 F.3d 201, 205 (4th Cir. 2001) (citing Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995)).

### III. Analysis

States enjoy sovereign immunity from lawsuits brought by private citizens under the Eleventh Amendment to the Constitution.  See, e.g., Kimel v. Florida Bd. of Regents, 528 U.S. 62, 72-72 (2000) (citation omitted).  "A state supported university enjoys the same sovereign immunity as States."  See Shepard v. Irving, 204 F. Supp. 2d 902, 912 (E.D. Va. 2002), aff'd in part, rev'd in part on other grounds, 77 F. App'x 615 (4th Cir. 2003).  GMU is a state-supported university that is entitled to the same sovereign immunity as the Commonwealth of Virginia.  Id. (citing Litman v. George Mason Univ., 186 F.3d 544, 547 (4th Cir. 1999).  However, "States are not protected under the doctrine of sovereign immunity if (a) there exists a valid abrogation of that immunity by Congress, (b) a state has clearly and unequivocally waived its immunity, or (c) the prosecution of an action fits comfortably within the doctrine of Ex Parte Young."  Shepard, 204 F. Supp. 2d at 912 (citing Bell

<u>Atl. Md. V. MCI Worldcom, Inc.</u>, 240 F.3d 279, 288 (4th Cir. 2001)).

Here, GMU, the sole Defendant, is entitled to sovereign immunity from Plaintiff's suit as an arm of the Commonwealth of Virginia, and therefore the Court will grant Defendant's motion.  First, to the extent Plaintiff attempts to bring a claim under 42 U.S.C. § 1983 against GMU for any alleged violation of the Fourth Amendment, this claim must be dismissed because arms of the state entitled to sovereign immunity under the Eleventh Amendment cannot be sued under section 1983.  <u>See Will v. Michigan Dep't of State Police</u>, 491 U.S. 58 (1989); <u>see also</u> <u>Chin v. City of Baltimore</u>, 241 F. Supp. 2d 546, 548 (D. Md. 2003) ("[A] state agency is not a 'person' as the term is used in 42 U.S.C. § 1983.").  Therefore, this claim is dismissed.

Second, Defendant is also entitled to sovereign immunity from Plaintiff's IIED claim.  Even though the "General Assembly has provided an express, limited waiver of sovereign immunity by enacting the Virginia Tort Claims Act," this express and limited waiver must be strictly construed, and it does not apply to agencies of the Commonwealth.  <u>Billups v. Carter</u>, 604 S.E.2d 414, 418, 420 (Va. 2004) ("[T]he [Virginia Tort Claims] Act had the effect of creating a limited waiver of the sovereign immunity of the Commonwealth but not of its agencies.").  Plaintiff bears the burden of demonstrating an unequivocal

5

waiver of sovereign immunity, and any waiver must be strictly construed in favor of the State.  See Williams v. United States, 50 F.3d 299, 204 (4th Cir. 1995); see also Library of Congress v. Shaw, 478 U.S. 310, 318 (1986).  Here, Plaintiff has failed to meet this burden, and because GMU is entitled to sovereign immunity on this tort IIED claim, it too must be dismissed.

Lastly, Plaintiff filed a motion for leave to add Defendants, namely, the three police officers who interacted with her on the night in question.  (Pl.'s Mot. [Dkt. 14] at 1.) The Court previously granted a similar request made by Plaintiff, which the Court construed as Plaintiff's request to amend her pleading once as a matter of right.  (Order [Dkt. 9].) Now that Plaintiff has already amended her complaint once as a matter of right, she can only amend her pleading for a second time with "leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  While the decision to grant a party leave to amend a pleading is within the sound discretion of the trial court, that discretion is limited by the general policy favoring the resolution of cases on their merits.  See Island Creek Coal Co. v. Lake Shore, Inc., 832 F.2d 274, 279 (4th Cir. 1987).  Mere delay unaccompanied by prejudice, bad faith, or futility in moving to amend is not a sufficient reason to deny leave to amend.  Id.

Here, the Court finds there is no prejudice or bad faith on the part of the Plaintiff, acting pro se. Thus, Plaintiff's request can only be denied upon a showing of futility. Based on the record now before the Court, the Court cannot make a finding of futility. Plaintiff asks the Court for leave to name the individual officers as Defendants, which, if her allegations are assumed to be true at this stage in the proceeding, could give rise to a valid claim, at least under 42 U.S.C. § 1983. And because of the general policy preference for resolving cases on their merits, it is within the interest of justice to allow such an amendment. Id.

Accordingly, because mere delay is insufficient to deny such a request, and because the Court finds no prejudice, bad faith, or futility, the Court grants Plaintiff's motion for leave to add Defendants. Plaintiff shall file a second amended complaint in accordance with the Court's Order that accompanies this opinion, and no further amendments shall be allowed.

### IV. Conclusion

For the foregoing reasons, the Court grants Defendant's motion and dismiss the amended complaint without prejudice. The Court will also grant Plaintiff's motion for leave, and allow Plaintiff to file a second amended complaint.

An appropriate Order shall issue.

/s/
_____

September 23, 2015                James C. Cacheris
Alexandria, Virginia        UNITED STATES DISTRICT COURT JUDGE